UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

DEBRA SALUTE,

                              Plaintiff,

          -against-

CITY OF NEW YORK,
JOSE TABORA, Individually,
GENARO BARREIRO, Individually, and
JOHN DOE 1 through 10, Individually (the name John Doe
being fictitious, as the true names are presently unknown),

                              Defendants.

-----------------------------------------------------------------------X

**AMENDED COMPLAINT**

16 CV 6147 (BMC)

<u>Jury Trial Demanded</u>

Plaintiff DEBRA SALUTE, by her attorney, Jason Leventhal, Esq., complaining of the defendants, respectfully alleges as follows:

**<u>Preliminary Statement</u>**

1.      Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §1983 for violations of her civil rights, as said rights are secured by said statute and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

**<u>JURISDICTION</u>**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and

civil rights.

## VENUE

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to Plaintiff's claims took place.

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action on each and every one of her claims for which jury trial is legally available.

## PARTIES

6.      Plaintiff DEBRA SALUTE is a fifty-six-year-old woman residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      At all times relevant herein, the individually named defendants, JOSE TABORA, GENARO BARREIRO, and JOHN DOE 1 through 10, were duly sworn police officers and supervisors of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

2

10.     At all times relevant herein, the defendant officers acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the CITY OF NEW YORK and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the CITY and/or the NYPD.

## FACTS

11.     On August 8, 2015, at approximately 11:30 p.m., plaintiff DEBRA SALUTE was inside her home at 399 Port Richmond Avenue, Staten Island, New York.

12.     At approximately said time, SALUTE became aware that NYPD officers had arrested her daughters.  She exited the rear door of her home and approached cement stairs on the side of her property.

13.     While SALUTE stood at the top of the stairs, defendant JOSE TABORA stood to her left and defendant JOHN DOE 1, a white male police officer dressed in a white NYPD uniform shirt, stood on the sidewalk level close to the bottom of the stairs. Defendants GENARO BARREIRO and JOHN DOES 2 through 10 were also present in various locations, all in close proximity to and in the line of site of SALUTE.

14.     As SALUTE asked the officers, in sum and substance, why are my daughters arrested, defendant TABORA violently pushed SALUTE from behind, causing her to fall down the stairs and sustain physical injuries including abrasions, lacerations, bruising and swelling on her arms, elbows, and knee.

15.     Thereafter, JOHN DOE 1 asked SALUTE, in sum and substance, if she wanted him to call an ambulance; SALUTE responded, in sum and substance, that she did not want an ambulance, she just wanted to go back inside her home.

3

16.     JOHN DOE 1 then informed SALUTE that she could return to her home, and SALUTE walked into her home.

17.     SALUTE then called 911 and reported that she had been injured as a result of an assault by a police officer.

18.     Approximately 30 minutes later, an ambulance arrived at SALUTE's home and emergency medical technicians (EMTs) entered SALUTE'S home and treated her.

19.     As a result of SALUTE'S 911 call, defendants TABORA and BARREIRO became aware that SALUTE had made a complaint that she had been assaulted by a police officer.  Defendants TABORA and BARREIRO then returned to SALUTE's home while she was receiving medical treatment from EMTs.

20.     Shortly thereafter, while the EMTs treated SALUTE, an unidentified NYPD officer entered SALUTE's home and asked SALUTE, in sum and substance, what happened.

21.     SALUTE explained to the unidentified officer, in sum and substance, that TABORA had pushed her down the cement stairs earlier that night.

22.     The unidentified officer then left SALUTE and spoke briefly with defendants TABORA and BARREIRO.

23.     Defendants TABORA and BARREIRO falsely informed the unidentified officer that SALUTE had interfered with the arrest of SALUTE's daughter, Samantha Conner, earlier that evening, and that SALUTE had avoided arrest earlier that evening by running into her home after interfering in Samantha Conner's arrest.

24.     As a result of the false allegations of defendants TABORA and BARREIRO,

4

said unidentified officer approached SALUTE and told her she was under arrest.

25.     As a result of the false allegations of defendants TABORA and BARREIRO, NYPD officers then handcuffed SALUTE, transported her the 121st police precinct stationhouse and imprisoned her therein.

26.     As a result of the false allegations of defendants TABORA and BARREIRO, NYPD officers imprisoned SALUTE until her arraignment on August 10, 2015 in Richmond County Criminal Court.

27.     Defendants TABORA and BARREIRO conspired to forward false allegations to the Richmond County District Attorney ("RCDA") which resulted in the filing of false charges against SALUTE.

28.     Specifically, defendant TABORA signed and swore to false allegations in a Supporting Deposition which stated that: SALUTE engaged in fighting or in violent, tumultuous or threatening behavior; and as officers were escorting Samantha Conner to place her inside a police vehicle, SALUTE pushed her way through officers to get in between the officers to try to prevent the officers from bringing Samantha Conner to the police vehicle.

29.     Defendant TABORA forwarded said Supporting Deposition to the RCDA which the RCDA filed in Richmond County Criminal Court together with a Criminal Court Complaint.

30.     The aforementioned allegations are false, and were manufactured and created by TABORA and BARREIRO to justify the above-mentioned use of excessive force, and to safeguard TABORA's employment by avoiding punishment by the NYPD or

other investigative bodies for TABORA's use of excessive force and abuse of authority.

31.     As a result of the false allegations of defendants TABORA and BARREIRO and the forwarding of said false Supporting Deposition to the RCDA, the RCDA filed a Criminal Court Complaint and the Supporting Deposition against SALUTE in Richmond County Criminal Court under docket number 2015RI005811.   The Criminal Court Complaint and Supporting Deposition contained the manufactured and false allegations of defendants TABORA and BARREIRO that SALUTE engaged in criminal conduct that violated New York Penal Law § 195.05 (Obstructing Governmental Administration in the 2nd Degree), and New York Penal Law § 240.20 (1) (Disorderly Conduct).

32.     As a result of the false allegations of defendants TABORA and BARREIRO and the forwarding of said false Supporting Deposition to the RCDA, SALUTE was arraigned on said false charges and compelled to return to Richmond County Criminal Court on October 8, 2015, December 1, 2015 and January 27, 2016.

33.     On January 27, 2016, all charges filed against SALUTE were adjourned in contemplation of dismissal pursuant to New York Criminal Procedure Law §170.55.

34.     On January 28, 2016, all charges filed against SALUTE were dismissed and sealed.

35.     Defendants TABORA and BARREIRO knew that SALUTE was arrested in the absence of probable cause and prosecuted based on false, fabricated evidence and directly participated in said arrest and fabrication of evidence.

36.     Defendants JOHN DOE 1 through 10 knew that SALUTE was arrested in the absence of probable cause and prosecuted based on fabricated evidence and failed to

intervene in said arrest and fabrication of evidence despite have a reasonable opportunity to intervene and prevent the unconstitutional conduct.

37.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or  practice of NYPD officers: subjecting individuals to excessive force; falsely arresting individuals in an attempt to justify their use of excessive force; engaging in a practice of falsification/manufacturing evidence in an attempt to justify their use of excessive force and their false arrest; and failing to intervene to prevent fellow officer from committing said unconstitutional conduct.

38.    The aforesaid event is not an isolated incident.  The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims filed with the CITY OF NEW YORK, and complaints filed with the NYPD's Internal Affairs Bureau and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: subject individuals to excessive force; falsely arrest individuals in an attempt to justify their use of excessive force; engage in a practice of falsification/manufacturing evidence in an attempt to justify their use of excessive force and their false arrest; and fail to intervene to prevent fellow officers from committing said unconstitutional conduct.

39.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate plaintiff's civil rights.

40.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

41.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

42.     All of the aforementioned acts deprived plaintiff DEBRA SALUTE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

44.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

8

45.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46.     As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983
as to defendant JOSE TABORA)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

48.     The level of force employed by defendant JOSE TABORA was excessive, objectively unreasonable, and otherwise in violation of plaintiff DEBRA SALUTE'S constitutional rights.

49.     As a result of the aforementioned conduct, plaintiff was subjected to excessive force and sustained physical and emotional injuries.

50.     As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to defendants JOSE TABORA and GENARO BARREIRO)

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

52.     Defendants JOSE TABORA and GENARO BARREIRO caused plaintiff DEBRA SALUTE to be arrested without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

53.     Defendants JOSE TABORA and GENARO BARREIRO caused plaintiff DEBRA SALUTE to be falsely arrested and unlawfully imprisoned.

54.     As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983
as to defendants JOSE TABORA and GENARO BARREIRO)

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

56.     Defendants JOSE TABORA and GENARO BARREIRO created false evidence against plaintiff DEBRA SALUTE.

57.     Defendants JOSE TABORA and GENARO BARREIRO caused this false evidence to be forwarded to the prosecutor and utilized against plaintiff DEBRA SALUTE in legal proceedings.

58.     As a result of defendants' creation and utilization of false evidence, plaintiff DEBRA SALUTE was deprived of her liberty.

59.     As a result of defendants' creation and utilization of false evidence, plaintiff DEBRA SALUTE suffered a violation of her constitutional right to a fair trial, as guaranteed by the United States Constitution.

60.     As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983
as to defendants JOSE TABORA and GENARO BARREIRO)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

62.     Defendants JOSE TABORA and GENARO BARREIRO caused criminal process to be issued against plaintiff DEBRA SALUTE by causing her arrest and prosecution in a criminal court.

63.     Defendants JOSE TABORA and GENARO BARREIRO caused plaintiff DEBRA SALUTE to be arrested and prosecuted to prevent SALUTE from filing a complaint against TABORA for his use of excessive force and to prevent the NYPD from punishing or disciplining TABORA for his use of excessive force.

64.     Defendants JOSE TABORA and GENARO BARREIRO caused plaintiff DEBRA SALUTE to be arrested and prosecuted in order to obtain a collateral objective

outside the legitimate ends of the legal process: to safeguard TABORA's employment by avoiding discipline and punishment for TABORA's use of excessive force.

65.     As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983
as to defendants JOHN DOE 1 through 10)

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

67.     Defendants JOHN DOE 1 through 10 had an affirmative duty to intervene on behalf of plaintiff DEBRA SALUTE, whose constitutional rights were being violated in their presence by defendants TABORA and BARREIRO.

68.     The defendants failed to intervene to prevent the unlawful conduct described herein despite having a reasonable opportunity to intervene.

69.     As a result of the foregoing, plaintiff DEBRA SALUTE was falsely arrested, maliciously issued criminal process, and deprived of her right to a fair trial.

70.     As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983
### as to defendant CITY OF NEW YORK)

71.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

72.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

73.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DEBRA SALUTE'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74.     The aforementioned customs, policies, usages, practices, procedures and rules of the NYPD also included, but were not limited to NYPD officers: subjecting individuals to excessive force; falsely arresting individuals in an attempt to justify their use of excessive force; engaging in a practice of falsification/manufacturing evidence in an attempt to justify their use of excessive force and their false arrest; and failing to intervene to prevent fellow officers from committing said unconstitutional conduct.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff DEBRA SALUTE.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff DEBRA SALUTE as alleged herein.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff DEBRA SALUTE as alleged herein.

78.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD, plaintiff DEBRA SALUTE was subjected to excessive force, false arrest, and deprived of her right to a fair trial.

79.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DEBRA SALUTE'S constitutional rights.

80.     All of the foregoing acts by defendants deprived plaintiff DEBRA SALUTE of federally protected rights, including, but not limited to, the right:

       A.     To not be deprived of liberty without due process of law;

       B.     To be free from false arrest/unlawful imprisonment;

       C.     To be free from excessive force;

       D.     To be free from malicious abuse of process;

       E.     To receive a fair trial; and

F.      To be free from the failure to intervene;

81.     As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

82.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

83.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

84.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

85.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

86.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

87.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York
as to defendants JOSE TABORA and GENARO BARREIRO)

88.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

89.     Defendants JOSE TABORA and GENARO BARREIRO caused plaintiff to be arrested without probable cause.

90.     Defendants JOSE TABORA and GENARO BARREIRO caused plaintiff to be detained against her will for an extended period of time and subjected to physical restraints.

91.     As a result of the aforementioned conduct, plaintiff DEBRA SALUTE was unlawfully imprisoned in violation of the laws of the State of New York.

92.     As a result of the aforementioned conduct, plaintiff DEBRA SALUTE suffered physical pain and mental anguish, together with embarrassment, humiliation, shock, fright, and loss of freedom.

93.     As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York
as to defendants JOSE TABORA and GENARO BARREIRO)

94.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

95.    Defendants JOSE TABORA and GENARO BARREIRO placed or caused plaintiff DEBRA SALUTE to be placed in apprehension of imminent harmful and offensive bodily contact by pushing her and causing her to be handcuffed, and imprisoned.

96.    As a result of defendants JOSE TABORA and GENARO BARREIRO'S conduct, plaintiff DEBRA SALUTE was placed in apprehension of imminent harmful and offensive bodily contact and has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97.    As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York
as to defendants JOSE TABORA and GENARO BARREIRO)

98.    Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

99.    Defendant JOSE TABORA made offensive contact with plaintiff DEBRA SALUTE without privilege or consent by pushing her and causing her to fall.

100.    Defendants JOSE TABORA and GENARO BARREIRO made offensive contact with or caused plaintiff DEBRA SALUTE to suffer the offensive contact of handcuffing without privilege or consent.

101.    As a result of defendants' conduct, plaintiff DEBRA SALUTE has suffered physical pain and mental anguish, together with shock, fright, apprehension,

embarrassment, and humiliation.

102.   As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York as to defendant CITY OF NEW YORK)

103.   Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

104.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in subjecting plaintiff DEBRA SALUTE to excessive force, false arrest and deprived her of her right to a fair trial.

105.   Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

106.   As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York
as to defendant CITY OF NEW YORK)

107.   Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

108.   Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who participated in subjecting plaintiff DEBRA SALUTE to excessive force, false arrest and deprived her of her right to a fair trial.

109.   As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWEFLTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York
as to defendant JOSE TABORA)

110.   Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

111.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employee and agent JOSE TABORA, who was on duty and acting in the scope of his employment when he pushed plaintiff DEBRA SALUTE.

112.   As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York
as to defendant CITY OF NEW YORK)

113.   Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

114.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115.   As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12
as to defendants CITY OF NEW YORK, JOSE TABORA,
GENARO BARREIRO and JOHN DOE 1 through 10)

116.   Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

117.   As a result of defendants' conduct, plaintiff DEBRA SALUTE was deprived of her right to security against unreasonable searches, seizures, and interceptions.

118.   As a result of the foregoing, plaintiff DEBRA SALUTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DEBRA SALUTE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: March 31, 2017           By:     s/ _____

Jason Leventhal
Leventhal Law Group, P.C.
*Attorneys for Plaintiff*
45 Main Street, Suite 528
Brooklyn, New York 11201
(718) 556-9600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

DEBRA SALUTE,

Plaintiff,

16 CV 6147 (BMC)

-against-

CITY OF NEW YORK,
JOSE TABORA, Individually,
GENARO BARREIRO, Individually and
JOHN DOE 1 through 10, Individually (the name John Doe
being fictitious, as the true names are presently unknown),

Defendants,

-----------------------------------------------------------------------X

## AMENDED COMPLAINT

**LEVENTHAL LAW GROUP, P.C.**
*Attorneys for the Plaintiff*
45 Main Street, Suite 528
Brooklyn, New York 11201
(718) 556-9600